# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Taher Taher,
     Petitioner

      vs                           Case No. 1:08cv2
                                      (Dlott, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,[1]
     Respondent

## REPORT AND RECOMMENDATION

Petitioner, who was an inmate at the Lebanon Correctional Institution in Lebanon, Ohio, at the time the instant action commenced, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss the petition on exhaustion grounds. (Doc. 9). Also pending before the Court for ruling is petitioner's motion to hold "this action . . . in Abeyance, so that the Petitioner can pursue [a] claim in Hamilton County Court of Common Pleas." (Doc. 10).

---

[1]Although petitioner was incarcerated at the Lebanon Correctional Institution when the instant action commenced, it appears from a recent docket entry that petitioner may now be incarcerated at another prison in Ohio, i.e., the Southern Ohio Correctional Facility. (*See* Doc. 12). Neither party has filed a pleading with this Court, however, relaying any information regarding the apparent change in petitioner's custody status. In the absence of any such filing, the undersigned is reluctant to change the caption of this case to reflect that there has been a change in petitioner's prison address and, therefore, a change in the name of the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## Procedural Background

On August 23, 2004, the Hamilton County, Ohio, grand jury indicted petitioner on four counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with attached firearm specifications; four counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2) with attached firearm specifications; and one count of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A). (*See* Doc. 9, Ex. 1).

On April 19, 2005, petitioner entered a guilty plea to the four aggravated robbery counts and the receiving stolen property charge in exchange for the dismissal of the robbery charges. (*Id.,* Ex. 3). On May 10, 2005, petitioner was sentenced to an aggregate prison term of thirteen (13) years, which consisted of: concurrent three (3) year terms of imprisonment for the aggravated robbery offenses, to be served consecutively to a one (1) year prison term for the receipt of stolen property offense; and three (3) year terms of imprisonment on three of the firearm specifications, to be served consecutively to each other as well as to the sentences imposed for the underlying aggravated robbery offenses. (*Id.,* Ex. 4).

With the assistance of counsel, petitioner pursued a timely appeal to the Ohio Court of Appeals, First Appellate District. (*see id.,* Ex. 5). Petitioner contended in the sole assignment of error that the trial court erred in imposing more than the minimum six-month sentence for the receipt of stolen property offense, and in ordering that sentence to run consecutively to the sentences for aggravated robbery and the firearm specifications. (*Id.,* Ex. 6).

On May 3, 2006, the Court of Appeals affirmed petitioner's sentences for the aggravated robbery offenses and firearm specifications, but vacated the sentence imposed for the receipt of stolen property offense on the ground that it was "based upon unconstitutional statutes" under the authority of the Ohio Supreme Court's decision in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), which was decided while petitioner's appeal was pending; the court remanded the matter for re-sentencing "in that one respect." (*Id.,* Ex. 8).

On June 8, 2006, the trial court re-sentenced petitioner to serve the same terms of imprisonment as originally imposed. (*Id.,* Ex. 15). At the hearing held that same date, the trial court also denied a *pro se* motion entitled "Motion To Withdraw Guilty

2

Plea/Motion For Modification Of Sentence Per Ohio Criminal Rule 32.1" that petitioner had filed on March 29, 2006, while his direct appeal was still pending before the Ohio Court of Appeals.[2] (*See id.,* Ex. 12; Ex. 24, Tr. 13-14).

With the assistance of new appellate counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. (*Id.,* Exs. 16-17). In the appellate brief, petitioner asserted as the sole assignment of error that the "trial court erred by sentencing defendant to consecutive terms on three firearm specifications." (*Id.,* Ex. 17).

On April 4, 2007, the Court of Appeals overruled the assignment of error and affirmed the trial court's judgment with a modification. (*Id.,* Ex. 19). Specifically, the court ruled as follows:

> On remand, the only matter before the trial court was the resentencing on the receiving-stolen-property conviction. The court should not have resentenced Taher on the aggravated-robbery convictions and the accompanying firearm specifications. Consequently, we vacate the sentences imposed for those convictions in the June 8, 2006 judgment of conviction. The court's May 10, 2005, judgment entry sets forth the sentences for those offenses.

> Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider the same argument on a second appeal following remand. Taher should have raised any argument relating to the firearm specifications in the first appeal. He did not, and the matter is res judicata. "When a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the

---

[2]In this *pro se* motion, petitioner claimed that his original sentence was imposed in violation of various Supreme Court precedents, most notably *Blakely v. Washington,* 542 U.S. 296 (2004), as applied by the Ohio Supreme Court in *Foster* to Ohio's sentencing statutes. (*See* Doc. 9, Ex. 12). Petitioner further claimed that the remedy adopted in *Foster* of allowing trial courts full discretion in imposing a prison sentence within the statutory range would amount to a violation of the Constitution's Ex Post Facto and Double Jeopardy Clauses; therefore, petitioner argued that at his re-sentencing, the court could only "impose the 'shorte[s]t prison term' . . . which in his case was "(3) year sentences for all four felony convictions a[nd] a single three-year firearm enhancement for a total of six (6) years." (*Id.*).

sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing." . . .

(*Id.,* pp. 2-3). Apparently, petitioner did not pursue an appeal from this decision to the Ohio Supreme Court.

However, seven months later, on November 13, 2007, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' original May 3, 2006 direct appeal decision. (*Id.,* Exs. 9-10). Petitioner argued as "cause" for his delay in filing that he was "totally unaware of my right[] to pursue my claims to the Ohio Supreme Court." (*Id.,* Ex. 10). He also stated that if he were granted a delayed appeal, he would raise the following claim: "My current sentence is in violation of *Blakely v. Washington*[;] the court was to impose[] the minimum sentence in my case and all sentence[s] were to run concurrently with one another." (*Id.*)

On December 26, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal without opinion and ordered the cause dismissed. (*Id.,* Ex. 11).

The instant federal habeas corpus petition was filed soon thereafter on January 2, 2008. (*See* Doc. 1). In the petition, petitioner alleges three grounds for relief:

**Ground One**: Denial of effective assistance of counsel[.] Counsel failed to state allied offenses [of] similar import[.]

**Ground Two**: Denial of effective assistance of counsel[.] [A]ppellate counsel renders constitutionally deficient perfor[]mance[.] [H]e failed to properly object to Petitioner's sentence being void as a matter of law, thereby failing to recognize, argue and brief a dead bang winner.

**Ground Three**: [A]t the time ... the crimes occurred, Ohio law mandated the Petitioner be sentenced to maximum minimum sentence per Ohio Revised Code § 2929.14(b)[.] The Ohio Supreme Court['s] enlar[g]ement of this statute vi[o]lates the 14th Amendment[] of the U.S. Constitution as being ex post facto clause; See State v. Foster [2006] ... 845 N.E.2d [47]0.

(*Id.*, pp. 6, 7, 9).

4

In response, respondent has filed a motion to dismiss the petition on the ground that petitioner has failed to exhaust the ineffective assistance of appellate counsel claims alleged in Grounds One and Two of the petition. (Doc. 9, Brief, pp. 6-7). Respondent posits that petitioner may still raise these claims to the state courts by way of a delayed application under Ohio R. App. P. 26(B) to the Ohio Court of Appeals for reopening of the appeal, or by way of a delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 4, 2007 decision affirming the trial court's judgment as modified on re-sentencing. (*Id.,* pp. 7-8).

Petitioner has not replied to respondent's motion to dismiss although he was granted an opportunity to do so. (*See* Doc. 11). Petitioner has requested, however, that the petition be held in abeyance rather than dismissed, so that he may pursue a claim for relief in the Hamilton County Court of Common Pleas. (Doc. 10).

## OPINION

### The Petition Should Be Dismissed Without Prejudice, Rather Than Stayed, For Failure To Exhaust State Court Remedies

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999), held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of

state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines,* 544 U.S. at 275, some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).[3]

Recently, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." *Rhines v. Weber,* 544 U.S. 269, 276 (2005). The Court pointed out that one of the AEDPA's purposes is to "reduce delays

---

[3]This stay-and-abeyance approach was first suggested by Justice Stevens in a concurring opinion joined by Justice Souter in *Duncan v. Walker,* 533 U.S. 167 (2001). In *Duncan,* the Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" that serves to toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). In his concurring opinion, Justice Stevens indicated that the equitable powers of the federal court may be employed in such a situation to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Duncan,* 533 U.S. at 184. The justice suggested that the district court either stay the original habeas proceeding until petitioner exhausts his state court remedies or deem the limitations period tolled for the first habeas petition. *Id.* at 182-83.

in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

As an initial matter, it is petitioner's position that a stay of the instant action is appropriate because he would like to pursue a claim for relief in the state courts based on the Ohio Supreme Court's decision in *State v. Colon,* 885 N.E.2d 917 (Ohio 2008). In *Colon,* the state supreme court considered the following issue: "Where an

indictment fails to charge the mens rea element of the crime, and the defendant fails to raise that issue in the trial court, has the defendant waived the defect in the indictment?" *See id.* at 919. The court held in that case that an indictment, which is defective because it fails to charge an essential element of the offense, results in "structural error" that can be raised as an issue for the first time on appeal. *See id.* at 921-26.[4] Petitioner, however, has not alleged any claim based on *Colon* as a ground for relief in the instant action. Therefore, it does not appear that petitioner's pursuit of relief in the state courts based on *Colon* triggers any exhaustion concerns. *Cf. Razo v. Bradshaw,* No. 1:05cv1106, 2006 WL 1805896, at *2 (N.D. Ohio June 29, 2006) (unpublished) (stay-and-abeyance procedure for exhaustion purposes not available with respect to claims not included in a habeas petition, which contained only exhausted grounds for relief).

By the same token, as respondent has contended, the record does reflect that petitioner has not exhausted the ineffective assistance of appellate counsel claims alleged in Grounds One and Two of the petition, because he neither has filed an application to reopen his appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals nor has otherwise provided the Ohio Supreme Court with an opportunity to consider these claims.

Although the time period for filing a timely Rule 26(B) application has expired, petitioner still may obtain review of a delayed application to reopen his appeal based on a claim of ineffective assistance of appellate counsel if he is able to demonstrate "good cause" for the late filing. *See* Ohio R. App. P. 26(B). *Cf. Noland v. Hurley,* No. 2:05cv682, 2006 WL 1580139, at *7-8 (S.D. Ohio Mar. 21, 2006) (Report & Recommendation) (Abel, M.J.), *adopted and aff'd,* 2006 WL 1489705 (S.D. Ohio May 26, 2006) (Marbley, J.) (unpublished). Moreover, as respondent has pointed out (*see* Doc. 9, Brief, p. 8), petitioner may pursue a delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 4, 2007 Judgment Entry affirming the

---

[4]On reconsideration, the Ohio Supreme Court recently clarified its decision, holding that (1) the ruling was prospective in nature and thus applicable only to cases pending on the date the decision was announced; and (2) "[i]n a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment such as those that occurred in *Colon* [], structural-error analysis would not be appropriate." *State v. Colon,* __ N.E.2d __, Nos. 2006-2139 & 2006-2250, 2008 WL 2951211, at *1-2 (Ohio July 31, 2008) (to be published).

trial court's judgment on re-sentencing.[5]

Therefore, the Court must next consider whether a stay of the proceedings is appropriate for the exhaustion of petitioner's ineffective assistance of appellate counsel claims, or whether the petition is subject to dismissal as respondent has argued in the motion to dismiss. As discussed above, *see supra* pp. 6-7, under *Rhines,* 544 U.S. at 277, stay and abeyance is only appropriate if petitioner's claims are potentially meritorious and if "good cause" is found for the petitioner's failure to exhaust his ineffective assistance of appellate counsel claims first in the state courts.

In this case, the undersigned has serious concerns about the potential merits of petitioner's ineffective assistance of appellate counsel's claims.[6] In any event, no

---

[5]It is noted that petitioner faces another hurdle to review of his claims on the merits. First, he never presented the ineffective assistance of counsel claims alleged in Grounds One and Two to the state courts, and at this juncture, is unable to do so by way of a timely reopening application or appeal to the Ohio Supreme Court. In addition, he failed to raise the claim alleged in Ground Three, which was asserted in his *pro se* "Motion to Withdraw Guilty Plea/Motion For Modification Of Sentence" that was denied by the trial court at the re-sentencing hearing, as an assignment of error on appeal from the trial court's re-sentencing decision. Ineffective assistance of appellate counsel may constitute "cause" sufficient to overcome a state procedural bar. *See, e.g. Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986)). However, such a claim must have been presented to the state courts, and cannot itself be procedurally defaulted. *Id.* at 452-53. Therefore, if petitioner returns to the state courts to exhaust his ineffective assistance of appellate counsel claims and the state courts refuse to consider the merits of such claims due to his procedural default in failing to file a timely reopening application or appeal to the Ohio Supreme Court, all of petitioner's claims for relief may ultimately be deemed "waived."

[6]In Ground One, petitioner contends counsel should have challenged the consecutive sentences for "allied offenses of similar import." However, it is clear from the indictment that the aggravated robbery offenses with specifications, and the receipt of stolen property offense, were not "allied offenses of similar import" because they involved separate crimes and different victims. (*See* Doc. 9, Ex. 1). In Ground Two, petitioner alleges his counsel should have argued his "sentence [was] void as a matter of law." Yet, in both the initial direct appeal and the subsequent appeal on re-sentencing, counsel did raise such a claim. If petitioner alleges as in Ground Three that counsel also should have challenged the ex post facto application of the *Foster* remedy on re-sentencing, the undersigned is convinced such claim lacks merit. *Cf. Hooks v. Warden, Ross Corr. Instit.,* Case No. 1:07cv520 (Beckwith, C.J.; Hogan, M.J.) (Doc. 15) (Report & Recommendation filed July 2, 2008) (objection to Report & Recommendation filed August 14, 2008 (Doc. 18) is currently pending before the Court for ruling).

9

"good cause" has been shown for petitioner's failure to raise the claims first in the state courts. Petitioner has not offered any explanation for his failure to bring the claims alleged in Grounds One and Two of the petition to the state courts' attention. Nor does it appear from the record that petitioner can make any argument that would satisfy the "good cause" requirement.

Indeed, although petitioner stated in his motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' May 3, 2006 direct appeal decision that he would be raising a *Blakely* claim if a delayed appeal were granted, he failed to mention that he would also like to raise ineffective assistance of counsel claims. (*See* Doc. 9, Ex. 10). Moreover, although petitioner contended as early as March 29, 2006 in a *pro se* motion that application of the *Foster* remedy on re-sentencing would violate the Ex Post Facto Clause of the Constitution (*see id.,* Ex. 12), he did not contest the trial court's rejection of that argument on appeal from the re-sentencing decision and has not explained why he did not seek to challenge his counsel's failure to raise the claim in that appeal either on further appeal to the Ohio Supreme Court or in the November 13, 2007 motion for delayed appeal to the Ohio Supreme Court from the May 3, 2006 direct appeal decision.

In sum, this Court concludes that a stay is not warranted under the circumstances presented here and that the instant petition containing unexhausted claims should be dismissed without prejudice to refiling after petitioner has exhausted the ineffective assistance of appellate counsel claims alleged in Grounds One and Two of the petition by way of a delayed application for reopening of his appeal under Ohio R. App. P. 26(B), and/or a motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 4, 2007 Judgment Entry affirming the trial court's re-sentencing decision.

Accordingly, it is **RECOMMENDED** that petitioner's request to hold the instant proceedings "in abeyance" (Doc. 10) be **DENIED**; that respondent's motion to dismiss the petition on exhaustion grounds (Doc. 9) be **GRANTED**; and that petitioner's petition for writ of habeas corpus (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner exhausts the arguably available state court remedies discussed herein.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion to hold "this action . . . in Abeyance" (Doc. 10) be

**DENIED**.

2. Respondent's motion to dismiss (Doc. 9) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner has exhausted the arguably available remedies of a delayed application to reopen his appeal pursuant to Ohio R. App. P. 26(B), and/or motion for delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' April 4, 2007 Judgment Entry affirming the trial court's re-sentencing decision.

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that petitioner has failed to exhaust state remedies and that this case should be dismissed without prejudice pending exhaustion of such remedies.[7]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 9/18/08

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\08-2grant-mtd-exh.deny-stay.wpd

------

[7]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484. However, as noted above, it also appears that petitioner has not stated viable constitutional claims for relief in the instant action. *See supra* p. 9 n.6.

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Taher Taher,
      Petitioner

    vs.                         Case No. 1:08cv2
                                     (Dlott, J.; Hogan, M.J.)

Warden, Lebanon Correctional
Institution,
      Respondent

## NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taher Taher 496-537
Lebanon Corr. Inst.
PO Box 56
Lebanon OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7001 2510 0008 6348 5857
   (Transfer from service label)

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

1:08 cv 2   (Doc. 13)